FILED - GR
November 2, 2009 12:27 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _rmw____/_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
GRAND RAPIDS DIVISION

Q/C

| | |
|---|---|
| VICKY TAYLOR, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) |
| CENTRAL CREDIT SERVICES, INC., | ) ) |
| Defendant. | ) |

1:09-cv-1004
Gordon J Quist
U.S. District Judge

## COMPLAINT

NOW COMES the Plaintiff, VICKY TAYLOR, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, CENTRAL CREDIT SERVICES, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. VICKY TAYLOR, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Hersey, County of Osceola, State of Michigan.

1

5. CENTRAL CREDIT SERVICES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Michigan. Defendant is incorporated in the State of Florida.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

### IV. ALLEGATIONS

9. In or around July 2009, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff.

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. Despite having contact with Plaintiff, and despite being fully cognizant of Plaintiff's location, in or around August 2009, Chris Campbell, a duly authorized agent of Defendant, contacted Plaintiff's father-in-law and stated that he was calling from a law office, that Defendant represented a company to whom Plaintiff owed a debt, and that he was calling in an attempt to collect on said debt.

12. Despite having contact with Plaintiff, and despite being fully cognizant of Plaintiff's location, in or around August 2009, a duly authorized agent of Defendant, contacted

Plaintiff's sister-in-law and stated that he was a lawyer, that Defendant represented a company to whom Plaintiff owed a debt, and that he was calling in an attempt to collect on said debt.

13. Upon information and belief, Defendant is not a law office.

14. Upon information and belief, the individual that contacted Plaintiff's sister-in-law is not an attorney.

15. Plaintiff did not consent to Defendant contacting third parties.

16. Despite being cognizant of Plaintiff's location and despite having no authorization from Plaintiff to contact third parties, Defendant has initiated multiple telephone calls to Plaintiff's sister-in-law.

17. Upon discovering that Defendant had contacted her father-in-law about the debt, Plaintiff proceeded to contact Defendant by telephone.

18. During the course of said telephone conversation, Defendant stated that unless Plaintiff paid the debt she allegedly owed, Defendant would initiate a lawsuit against her.

19. Upon information and belief, Defendant has not initiated any lawsuit against Plaintiff for the debt she allegedly owes.

20. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

    a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

    b. Communicated with any person other than the consumer more than once without authorization from the consumer and without a reasonable belief that the earlier response from said person as to the consumer's location was erroneous or incomplete in violation of 15 U.S.C. §1692b(3);

    c. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if

       otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    e. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

    f. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    g. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f.

    h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

21. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

22. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, VICKY TAYLOR, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**VICKY TAYLOR**

By: _____
David M. Marco
Attorney for Plaintiff

Dated: October 20, 2009

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithlaw.us